1   **WO**

2

3

4

5   **NOT FOR PUBLICATION**

6   IN THE UNITED STATES DISTRICT COURT

7   FOR THE DISTRICT OF ARIZONA

8

9   Bonnie Terrinoni,                              )   No. CV-05-3171-PHX-FJM
                                                    )
10          Plaintiff,                             )   **ORDER**
                                                    )
11   vs.                                            )
                                                    )
12                                                  )
     JoAnne Barnhart, Commissioner of the)
13   Social Security Administration,               )
                                                    )
14          Defendant.                             )
                                                    )
15   _____)

16

17          On May 16, 2003, an Administrative Law Judge ("ALJ") found that despite certain

18   physical limitations, Bonnie Terrinoni could perform a full range of light work and therefore

19   she was not disabled as defined by the Social Security Act.  Accordingly, the ALJ denied

     Terrinoni's claim for Social Security benefits.  The Appeals Council of the Social Security
20
     Administration denied her request for review.  Terrinoni then filed this action pursuant to 42
21
     U.S.C. § 405(g), contending that the ALJ's decision should be reversed because it is not
22
     supported by substantial evidence.  We have before us Terrinoni's motion for summary
23
     judgment (doc. 7) and defendant's response and cross-motion for summary judgment (docs.
24
     8 and 9), to which Terrinoni did not respond.
25
            The ALJ's decision includes the following passage:
26
            It is noted that there are two references to complaints of anxiety in the record
27          documented by Dr. Carls in September 1999 (Exhibit 5F/45) and in early 1991
            (Exhibit 5F/43).  However, Dr. Carls apparently did not treat these complaints
28          very seriously.  He did not prescribe any antianxiety medications.  He did not

refer the claimant for any mental health evaluation or treatment. No medically determinable mental impairment is established prior to March 31, 1991.

Tr. at 21. This passage is not entirely accurate. Dr. Carls prescribed Ativan to Terrinoni to treat her anxiety. Tr. at 257, 259. Terrinoni contends that the prescription shows that her anxiety is an impairment, and that the impairment "could have presented additional limitations that would have made her incapable of performing any work within the national economy." Motion for Summary Judgment at 7.

Nevertheless, Terrinoni fails to show that the decision is not based upon substantial evidence. First, to establish a mental impairment, a claimant must present "medical evidence consisting of signs, symptoms, and laboratory findings," not symptoms alone. 20 C.F.R. § 404.1508; Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005). Terrinoni does not present this evidence; she only shows that she was prescribed Ativan. However, even if she had established that her anxiety is a mental impairment, her claim would fail because she does not identify the extent of its symptoms. The ALJ had no basis from which to conclude that the anxiety would have limited Terrinoni's ability to work.

Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for summary judgment (doc. 7) and **GRANTING** defendant's cross-motion for summary judgment. (doc. 9). The clerk is directed to enter judgment for defendant.

DATED this 21st day of July, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge